

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Thos. D. Broad
Secretary-Treasurer
State Board of Architectural Examiners
Burt Building
Dallas, Texas

Dear Sir:

Opinion No. O-4215
Re: Should the State Board of
Architectural Examiners grant
registration for the practice
of architecture in this country
to a person who is not a citizen thereof?

     This is to advise that we have given careful consideration to your question as stated above.

     Your letter informs us that you have before you the application of one who is not a citizen of the United States, but who is a citizen of Czechoslovakia with "first citizenship papers". We assume you mean that the person under consideration has complied with the naturalization laws to the extent of declaring his intention to become a citizen of the United States of America.

     As stated by you, the Architects Registration Law itself does not require citizenship as a prerequisite qualification to registration. See Acts of the Regular Session, Forty-fifth Legislature, 1937, Chapter 478, p. 1279, et seq., Articles 249a and 249b, Vernon's Annotated Civil Statutes of Texas. On the contrary, we think the act by necessary implication, if not in direct language, authorizes one to registration as an architect, if the statutory requirements are met and examination successfully passed, irrespective of citizenship. We quote certain pertinent parts of the statute.

     Section 5 contains this language:

"The Board shall adopt rules and regulations for the examination and registration of applicants to practice architecture in accordance with the provisions of this Act, and may amend, modify and repeal such rules and regulations from time to time. . . ." (Emphasis ours)

Section 6 prescribes the qualifications of applicants for registration and makes provision for examinations:

"Provision shall be made by the Board of Architectural Examiners for holding examinations of applicants for registration under this Act, at such place or places as may be determined by the Board at least twice each year, if there be applicants. Any person of good moral character, over twenty-one years of age, upon payment of a fee of Five Dollars ($5) to the Secretary-treasurer of the Board, shall be entitled to enter the examination to determine his or her qualifications. All examinations shall be governed and directed by said Board, or by a committee of two of its members delegated by the Board, and due notice of the time, scope of examination, and place of holding such examination shall be published, as in the case provided for the publication of rules and regulations of the Board. The examination shall cover those subjects to be determined and prescribed by the Board, the knowledge of which is necessary in the proper practice of architecture." (Emphasis ours.)

Section 7 requires payment of fees for registration and deals with the issuance of certificates generally. We will not lengthen this opinion by copying this section, but Section 8 is deemed of such importance to your question that we include it in full:

"An architect of good moral character who has lawfully practiced architecture for a period of ten (10) years or more outside this State, or partly within and partly without this State, may be required at the discretion of the Board, in order to obtain a registration

certificate to practice architecture in this
State, to take only a practical examination
the nature of which shall be prescribed by
the Board of Architectural Examiners, pro-
vided that, as a condition precedent to the
issuance of a registration certificate to
such applicant, the Board may require him or
her to furnish and file evidence satisfactory
to the Board that he or she has not been res-
trained from practicing architecture in any
other State or jurisdiction on account of
negligence, incompetency, recklessness, dis-
honesty, or other causes to be grounds for
the revocation of a registration certificate
in this State, or that no registration cer-
tificate or other license, or permit to prac-
tice architecture, theretofore issued to him
or her has ever been so revoked, and upon
failure of the applicant to furnish and file
such satisfactory evidence, the Board may,
in its discretion, refuse to issue a regis-
tration certificate to him or her authorizing
him or her to practice architecture in this
State.

"An architect who has legally practiced
architecture in another State of the United
States, or country outside the border of the
United States, where the qualifications pre-
scribed by law were, at the time he or she
practiced in that State or country, substan-
tially equal to those prescribed in this State
at the date of his or her application, may
obtain a registration certificate to practice
architecture in this State merely by furnish-
ing evidence satisfactory to the Board of the
fact that he or she has so lawfully practiced
in such other State or country; provided that
the laws or legal regulations of that State or
country extend like or similar privilege to
registered architects of this State applying
for the right to practice architecture in such
other State or country.

"The fee to be paid by an architect of
another State or country, applying for his or
her original registration certificate to prac-
tice architecture in this State, shall be the
sum of Thirty Dollars ($30)."   (Emphasis ours.)

Honorable Thos. D. Broad, Page 4

We think the underlined portions of the above quotations, when the several sections of the act are considered together, show a manifest legislative intent not to bar the doors to the practice of architecture to any person successfully meeting the requirements imposed, even though that person may be an alien.

Even if the statute expressly forbade the licensing of aliens, there is considerable doubt whether that fact alone would suffice to bar one meeting the other requirements. See 2 Am. Jur. 470, Sec.13, and cases cited, especially Templar v. State Examiners, 131 Mich. 254, 90 N. W. 1058, 100 Am. St. Rep. 610, where it was held that a statute prohibiting the issuance of a barber's license to an alien was violative of the Fourteenth Amendment to the Federal Constitution. State v. Montgomery, 94 Me. 192, 47 A. 165, 80 Am. St. Rep. 386.

The contrary view has been taken by a Massachusetts court. Commonwealth v. Hana, 195 Mass. 262, 81 N. E. 149, 11 L. R. A. (N. S.) 790, 122 Am. St. Rep. 251, 11 Ann. Cas. 514. We have found no Texas cases upon the subject.

Irrespective of the determination of the constitutionality of a statute barring aliens from the practice of architecture, not necessary to be and not determined here, it is our opinion that under the present Texas statutory set-up, the Texas State Board of Architectural Examiners is without power to bar an alien from the practice of the profession for that reason alone.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
Benjamin Woodall
Assistant

APPROVED DEC 3, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

BW:GO



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN